Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Taylor T. Smith*
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 216-0675
Facsimile: (303) 927-0809

*Pro Hac Vice application to be filed*

*Attorneys for Plaintiff and the Alleged Class*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **J. SCOTT THREDE, LOUIS FLOYD, SYLVIA SCHICK, and MARIA SCHAFFER** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**BRANDREP LLC**, a Delaware limited liability company,<br><br>Defendant. | Case No.   3:20-cv-5110<br><br><br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

1.   Plaintiffs J. Scott Threde, Louis Floyd, Sylvia Schick, and Maria Schaffer bring this Class Action Complaint against Defendant BrandRep, LLC ("BrandRep" or "Defendant") to: (1) stop Defendant's practice of placing calls

1

using an "automatic telephone dialing system" ("ATDS") and/or using "an artificial or prerecorded voice" to the telephones of consumers nationwide without their prior express consent; and (2) obtain redress for all persons injured by Defendant's conduct. Plaintiffs also seek an award of statutory damages to the members of the Classes, plus court costs and reasonable attorneys' fees.

2. Plaintiffs, for their complaint, allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

3. The Telephone Consumer Protection Act 47 U.S.C. § 227, et seq. ("TCPA") and its implementing regulations, 47 C.F.R. §64.1200, et seq. prohibit companies, such as Defendant, from placing calls using an ATDS ("autodialed calls") and/or using "an artificial or prerecorded voice" ("prerecorded calls") to telephones without first obtaining consent. BrandRep has violated, and continues to violate, the TCPA and its regulations by placing autodialed and/or prerecorded calls to telephone subscribers who have not expressly consented to receiving such calls and/or who have expressly requested not to receive such calls.

4. In an effort to obtain leads for its services, BrandRep made (or directed to be made on its behalf) autodialed and/or prerecorded calls to the telephones of Plaintiffs and other members of the alleged class without first obtaining express consent to do so—all in violation of the TCPA.

5. The TCPA was enacted to protect consumers from unauthorized calls exactly like those alleged in this Complaint—autodialed and/or prerecorded calls placed to cellphone numbers without each consumer's prior express written consent.

6. By making the telephone calls at issue in this Complaint, Defendant caused Plaintiffs and the members of the Classes actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to a loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls. Furthermore, the calls interfered with Plaintiffs' and the other Class members' use and enjoyment of their phones, including the related data, software, and hardware components. Defendant also caused substantial injury to their phones by causing wear and tear on their property, consuming battery life, and appropriating cellular minutes and data.

## PARTIES

7. Plaintiff Threde is a natural person over the age of eighteen (18) and a resident of the State of California. Threde resides in Walnut Creek, Contra Costa County.

8. Plaintiff Floyd is a natural person over the age of eighteen (18) and a resident of the State of California. Floyd resides in Campbell, Santa Clara County.

9. Plaintiff Schick is a natural person over the age of eighteen (18) and a resident of the State of Arizona. At the time she received the pre-recorded call at issue, she was a resident of Contra Costa County, California.

10. Plaintiff Schaffer is a natural person over the age of eighteen (18) and a resident of the State of California. Schaffer resides in Huntington Beach, Orange County.

11. Defendant BrandRep is a Delaware limited liability company, with its principal place of business located at 16812 Armstrong Avenue, Suite 200, Irvine, CA 92606.

## JURISDICTION & VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq., a federal statute.

13. This Court has personal jurisdiction over BrandRep because it solicits significant business in this District, is headquartered in California, and a significant portion of the unlawful conduct alleged in this Complaint occurred in and/or was directed to this District.

14. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant solicits a significant amount of consumer business within this District, some of the Plaintiffs reside in this District, and because a portion of the wrongful conduct giving rise to this case occurred in and/or was directed to this District.

## COMMON ALLEGATIONS OF FACT

15. Defendant BrandRep is an internet marketing company headquartered in Irvine, California.

16. Unfortunately for consumers, BrandRep casts its marketing net too wide. That is, in an attempt to promote its business and to generate leads for its marketing services Defendant conducted (and continues to conduct) a wide scale telemarketing campaign that repeatedly makes unsolicited autodialed and/or pre-recorded calls to consumers' telephones including cellular telephones all without any prior express consent to make these calls.

17. Finally, despite consumers' attempts to opt out of future calls, Defendant continues to call them.

18. At no time did Defendant obtain prior express written consent from the Plaintiffs and the Classes to receive prerecorded and/or autodialed calls.

19. In making the phone calls at issue in this Complaint, Defendant and/or its agent utilized an automatic telephone dialing system. Specifically, the hardware and software used by Defendant and/or its agents has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls simultaneously, without human intervention.

20. Defendant knowingly made, and continues to make, telemarketing calls without the prior express consent of the recipients. As such, Defendant not only invaded the personal privacy of Plaintiff and members of the alleged Classes, but also intentionally and repeatedly violated the TCPA.

## FACTS SPECIFIC TO PLAINTIFFS

21. Plaintiff Threde is the customary user of a personal cellular telephone number ending in 2224.

22. On October 24, 2019 Threde received a call on his cellphone from (800) 841-2920. This call featured a pre-recorded voice.

23. After following the prompts in an attempt to figure out who was calling him, Threde was connected to Alec from BrandRep. Alec sent Threde a follow-up email after the call from the email address alec.silvestri@brandrep.com.

24. On December 3, 2019, Threde received another call from BrandRep. This call also featured a pre-recorded voice and Threde was connected to Scot Davis from BrandRep, who sent a follow-up email from the email address scot.davis@brandrep.com.

25. Threde never consented to receive prerecorded and/or autodialed calls from BrandRep.

5

26. Plaintiff Floyd is the customary user of a personal cellular telephone ending in 0267.

27. On February 7, 2020, Floyd received a call from BrandRep from the number 708-554-8747. This call featured a pre-recorded voice. After following the prompts in an effort to figure out who was calling him, Floyd was connected to Timothy from BrandRep, who sent a follow-up email from timothy.jacobson@brandrep.com.

28. On February 18, 2020, Floyd received another call from BrandRep, this time from 510-462-8225. Plaintiff was connected with and received a follow-up email from Alec Silvestri, the same agent who previously spoke with and emailed Threde. Additionally, on March 25, 2020, Floyd received a pre-recorded call by or on behalf of BrandRep from caller ID 949-209-1540 to his cell phone ending in 4665.

29. Plaintiff Schick is the customary user of a cellular telephone number ending in 0440.

30. On August 23, 2017, Schick received a call on her cellphone from the number 530-317-0911. This call featured a pre-recorded voice.

31. Schick followed the prompts to discover who was calling her and was connected to a BrandRep representative.

32. Plaintiff Schaffer is the customary user of a cellphone number ending in 9202.

33. On December 18, 2018, Schaffer received a call to her cellphone from the number 321-301-1047.

34. When Schaffer answered the call, she heard a click and had to say "Hello" multiple times before a person came on the line. This is indicative of the call being made using an automatic telephone dialing system.

35. The operator who came on the line was "Bobby," who then transferred the call to Luis from BrandRep.

36. Following the call, Luis sent a follow-up email from luis.cozza@brandrep.com.

37. Plaintiffs do not have a relationship with Defendant, have never provided their telephone number directly to Defendant, and have never requested that Defendant place prerecorded and/or autodialed calls to them or offer them its services. Simply put, Plaintiffs have never provided any form of prior express consent to Defendant to place prerecorded and/or autodialed calls to them and have no business relationship with Defendant.

38. Defendant was, and is, aware that the above described prerecorded and/or autodialed calls were made to consumers like Plaintiffs who have not consented to receive them.

39. By making unauthorized prerecorded and/or autodialed calls as alleged herein, BrandRep has caused consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the receipt of such calls, in addition to the wear and tear on their telephones, consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendant made the calls knowing that they interfered with Plaintiffs and the other Class members' use and enjoyment of, and the ability to access, their cellphones, including all related data, software, and hardware components.

40. To redress these injuries, Plaintiffs, on behalf of themselves and Classes of similarly situated individuals, bring this suit under the TCPA, which prohibits unsolicited prerecorded and/or autodialed calls to telephones. On behalf of

the Class, Plaintiffs seek an injunction requiring Defendant to cease all unauthorized prerecorded and/or autodialed calling activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

41. Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of themselves and the Classes defined as follows:

> **Prerecorded No Consent Class**: All persons in the United States who from four years prior to the filing of the initial complaint in this action to the date notice is sent to the Class (1) Defendant, or a third person acting on behalf of Defendant, called; (2) on the person's cellular telephone; (3) for the purpose of selling Defendant's products and services; (4) using a pre-recorded voice; and (4) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call the Plaintiffs.

> **Autodialed No Consent Class**: All persons in the United States who from four years prior to the filing of the initial complaint in this action to the date notice is sent to the Class: (1) Defendant, or a third party acting on behalf of Defendant, called; (2) on the person's cellular telephone; (3) using the same equipment that was used to call the Plaintiff Schaffer; (4) for the purpose of potentially marketing or selling Defendant's products and services; and (5) for whom Defendant claim it obtained prior express consent to call in the same manner as Defendant claims it supposedly obtained prior express consent to call Schaffer.

42. The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this

matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons.

43. **Numerosity:** The exact number of members within the Classes is unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant (or its agents) has placed pre-recorded and autodialed calls to hundreds or thousands of consumers who fall into the defined Classes. However, the exact number of members of the Classes can be identified through reference to objective criteria, including Defendant's records.

44. **Typicality:** Plaintiffs' claims are typical of the claims of other members of the Class, in that Plaintiffs and the members of the Class sustained damages arising out of Defendant's uniform wrongful conduct.

45. **Adequate Representation:** Plaintiffs will fairly and adequately represent and protect the interests of the Classes, and have retained counsel competent and experienced in complex class actions. Plaintiffs have no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiffs.

46. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiffs and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    (a)    Whether Defendant's conduct violated the TCPA;

(b)   Whether Defendant systematically made telephone calls to individuals who did not previously provide Defendant and/or its agents with their prior express written consent to receive such phone calls;

(c)   Whether Defendant made the calls with the use of an ATDS or a pre-recorded voice message; and

(d)   Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

47.   **Superiority:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*
(On behalf of Plaintiffs and the Prerecorded No Consent Class)**

48.   Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

49. Defendant made unsolicited and unwanted pre-recorded telemarketing calls to cellular telephone numbers belonging to Plaintiffs and the other members of the Class—without their prior express written consent—in an effort to generate leads for BrandRep's products and services.

50. Defendant failed to obtain any prior express consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous" disclosure informing the person signing that:

> (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and
>
> (B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

51. Defendant made the calls using a pre-recorded voice or similar technology.

52. By making pre-recorded unsolicited telephone calls to Plaintiffs and members of the Class's cellular telephones without prior express consent, and by utilizing an ATDS, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

53. As a result of Defendant's unlawful conduct, Plaintiffs and the members of the Class suffered actual damages in the form of monies paid to receive the unsolicited pre-recorded telephone calls on their cellular telephones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

54. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiffs and the other members of the Class.

**SECOND CAUSE OF ACTION**
**Violation of the TCPA, 47 U.S.C. § 227,** *et seq.*
**(On behalf of Schaffer and the Autodialed No Consent Class)**

55. Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

56. Defendant made unsolicited and unwanted autodialed telemarketing calls to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class—without their prior express written consent—in an effort to generate leads for its products and services.

57. Defendant failed to obtain any prior express consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous" disclosure informing the person signing that:

> (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and

> (B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

58. Defendant (or its agents) made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*. Defendant utilized equipment that made the telephone calls to Schaffer and other members of the Class simultaneously and without human intervention.

59. By making unsolicited telephone calls to Schaffer and members of the Class's cellular telephones without prior express consent, and by utilizing an ATDS, Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii).

60. As a result of Defendants' unlawful conduct, Plaintiff and the members of the Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular telephones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

61. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Schaffer and the other members of the Class.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and the classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiffs as the representatives of the Classes and appointing their counsel as Class Counsel;

B. An award of statutory damages in the amount of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiffs and the Class Members;

C. An order declaring that Defendant's actions, as set out above, violate the TCPA and appropriate injunctive relief;

D. An award of pre- and post-judgment interest;

E. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

F. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiffs request a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: July 27, 2020

**J. SCOTT THREDE, LOUIS FLOYD, SYLVIA SCHICK, and MARIA SCHAFFER**, individually and on behalf of all others similarly situated,

By: /s/ Rebecca Davis
   One of Plaintiff's Attorneys

Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Taylor T. Smith*
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 216-0675
Facsimile: (303) 927-0809

*Pro Hac Vice application to be filed*